UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAMION G.V. DAVIS,

    Plaintiff,

v.

STACY B. WOLF, et al.,

    Defendants.

CIVIL ACTION NO. 1:20-CV-00153

(MEHALCHICK, M.J.)

# MEMORANDUM

## I. BACKGROUND

On January 30, 2020, *pro se* prisoner-Plaintiff Damion G.V. Davis ("Davis") initiated the instant action by filing the Complaint. (Doc. 1).[1] In his Complaint, Davis brings suit under § 1983 for Defendants' alleged violations of his Constitutional rights. (Doc. 1, at 5). Davis alleges that Defendants, members of a private law firm who were representing him in a criminal matter, did not collect necessary evidence and conducted unprofessional and unlawful cross-examination of a confidential informant. (Doc. 1, at 5). Davis alleges that this conduct violated his Ninth, Tenth, and Thirteenth Amendment rights. (Doc. 1, at 5).

For relief, Davis seeks from the Defendants an apology; a permanent injunction preventing Defendants from practicing law; and $5,000 from Defendant Stacy Wolf, $5,000 from Defendant Nathan Wolf, and $5,000 from Defendant Wolf & Wolf Law in damages.

---

[1] Davis also filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which the Court shall grant herein. The Court had determined that Davis may have had three strikes which would have precluded his ability to proceed *in forma pauperis*, however upon further review, his prior dismissals were without prejudice and so no strikes have accrued. *See Brown v. Sage*, 903 F.3d 300, 305 (3d Cir. 2018).

(Doc. 1, at 5).[2] This matter is now before the Court to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2), and to dismiss it if it fails to state a claim upon which relief can be granted.

### II. SECTION 1915(e)(2) STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is obligated, prior to service of process, to screen a civil complaint brought *in forma pauperis*. The Court must dismiss the complaint if it is frivolous or malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable

---

[2] Davis also seeks a retrial with a different attorney, however a lawsuit against only his private counsel is not the proper way to seek such recourse; Davis must file a petition for a writ of habeas corpus to achieve such ends. *See* 28 U.S.C. § 2254.

inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court of the United States held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III.  DISCUSSION

While the Court is mindful that *pro se* complaints must be afforded considerable latitude and construed so "as to do substantial justice," *Alston v. Parker,* 363 F.3d, 229, 234 (3d Cir. 2004), *pro se* plaintiffs are not relieved of the requirement to plead an adequate jurisdictional basis for their claims. Davis brings his claim pursuant to § 1983. (Doc. 1, at 3). In order to state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir.2009). The "under color of state law" element of § 1983 means that the statute does not apply to "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). The defendant must be acting on behalf of the state. Davis has failed to allege that any of the alleged actions were being taken by a person acting under color of the state, and therefore his complaint fails to state a claim.

### IV.  LEAVE TO AMEND

Davis shall be given leave to amend the complaint. The Third Circuit has instructed district courts to permit a curative amendment if a complaint is vulnerable to dismissal for

failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). As the complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, so as to preserve Davis's rights as a *pro se* litigant, the Court will grant him leave to file an amended complaint setting forth any factual allegation and legal claims which qualify for § 1983 recourse. The amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint must also establish the existence of specific actions taken by the Defendants and if the Defendants are entities, rather than persons, a specific unconstitutional policy, custom, or practice must be alleged. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978). Further, it must be "simple, concise, and direct" as required by Rule 8(d)(1). **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

## V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff Damion G.V. Davis's complaint (Doc. 1) fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Davis will be granted leave to file an amended complaint within **thirty (30) days.**

An appropriate Order follows.

BY THE COURT:

**Dated: May 18, 2020**                    *s/ Karoline Mehalchick*
                                           **KAROLINE MEHALCHICK**
                                           **United States Magistrate Judge**